UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRADLEY JOSEPH PRUCHA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00199-JRS-MJD |
| ) | |
| T.J WATSON Warden, et al., ) | |
| ) | |
| Defendants. ) | |

**Order Granting Partial Motion to Dismiss**

Plaintiff Bradley Prucha is a hearing-impaired inmate at United States Penitentiary-Terre Haute ("USP-TH") who has brought this civil rights action under the theory of individual liability recognized in *Bivens v. Six Unknown Agent of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Defendants Klink, Wasson, Royer, Ruggeri, Marshall, Dodge, Rupska, Hunt, Kimberely, Bondurant, Gourdouze, Cox, Underwood, McCoy, Kemp, and Schmalansee seek dismissal of Mr. Prucha's Fifth Amendment equal protection claims and Defendants Kemp and Zepperele seek dismissal of the First Amendment retaliation claims, arguing that these claims are outside the scope of the *Bivens* remedy. Mr. Prucha has not opposed the motion. For the following reasons, Defendants' partial motion to dismiss, dkt. [56], is **granted**.

**I. Background**

Mr. Prucha has been hearing impaired since the age of ten. With the assistance of hearing aids, he can communicate effectively in one-on-one conversations, but, without hearing aids, communication is difficult as he is required to rely heavily on lip and facial movements. Mr. Prucha arrived at USP-TH on August 23, 2016. Mr. Prucha does not have hearing aids at

1

USP-TH, making it difficult to participate in a variety of programming and making it difficult to remain in compliance with prison rules. Relevant to this motion, Mr. Prucha alleged that the lack of accommodations violated the equal protection clause of the Fifth Amendment and that two defendants retaliated against him for filing grievances by conducting multiple searches of his cell.

The defendants' motion to dismiss was filed on April 1, 2021, dkt. 56, and Mr. Prucha did not respond.

### III. Discussion

#### A. Standard on a Rule 12(b)(6) Motion

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

#### B. *Bivens* and *Abbasi*

The defendants argue that a *Bivens* remedy is not available for Mr. Prucha's First Amendment retaliation and Fifth Amendment equal protection claims. There is no Congressional authority to award damages against federal officials who violate the Constitution while acting under color of federal law. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). Fifty years ago, the Supreme Court held in *Bivens* that district courts have the implied authority to award damages against federal officials for unreasonable searches and seizures in violation of the Fourth Amendment. 403 U.S. at 397. In *Davis v. Passman*, the Court extended this implied authority to

actions alleging gender discrimination in federal employment in violation of the Fifth Amendment. 442 U.S. 228, 249 (1979). And in *Carlson v. Green*, the Court again extended this implied authority to actions alleging deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment. 446 U.S. 14, 24 (1980).

The Supreme Court curtailed the availability of a *Bivens* damages remedy in *Ziglar v. Abbasi*, 137 S. Ct. 1843. The Court discussed the evolution of claims under *Bivens* and created a test to determine whether to extend a *Bivens* remedy into a new context. In *Abbasi,* the Court noted that "three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." 137 S. Ct. 1843 at 1855. And in the forty years since *Carlson*, the Court has declined to create any new contexts for *Bivens* claims. *Id.* at 1857 (listing cases); *see also Hernandez v. Mesa,* 140 S. Ct. 735 (2020) (no implied damages remedy in action against border patrol agent for cross-border shooting). Each time the Court was presented with a new scenario, it reasoned there were "special factors counselling hesitation" against creating a new *Bivens* context and that alternative remedies were available to address the category of injury alleged by the plaintiffs. *Abbasi*, 137 S. Ct. at 1853–54. Expanding *Bivens* to a new context is now a "disfavored judicial activity." *Id.* at 1857.

To determine whether a *Bivens* remedy is available to Mr. Prucha for his retaliation and equal protection claims, the Court first asks whether they present a new *Bivens* context by determining whether "the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Abbasi*, 137 S. Ct. at 1864. If so, the Court then asks whether there are any special factors that counsel against an extension of *Bivens*. *Hernandez,* 140 S. Ct. at 743.

### 1. First Amendment Retaliation Claim

The Seventh Circuit has not yet decided whether a *Bivens* remedy exists for First Amendment claims in light of *Abbasi*. *Haas v. Noordeloos*, 792 F. App'x 405, 406 (7th Cir. 2020) (concluding it was error to screen out First Amendment claim because issue is unsettled in Seventh Circuit); *Smadi v. True*, 783 F. App'x 633 (7th Cir. 2019) (remanding so district court could recruit counsel to develop record). In *Fulks v. Watson*, 2:19-cv-00501-JPH-MJD, this court recruited counsel to respond to the government's argument that *Bivens* does not provide a vehicle to litigate the plaintiff's First Amendment retaliation claims. *Fulks v. Watson*, 2021 WL 1225922, \*2 (S.D. Ind. Mar. 31, 2021). The court first determined that Fulks' First Amendment retaliation claims presented a new context. *Id.* at \*4. It then conducted a special factors analysis, concluding that in light of alternative remedies (the Bureau of Prison's administrative remedy procedure) and the increased judicial intrusion into prison administrative decisions that would result from permitting retaliation claims, special factors counseled against extending *Bivens* to First Amendment retaliation claims. *Id.* at \*6. In doing so, it observed that the Third and Fourth Circuits had reached the same conclusion. *Id.* (citing *Earle v. Shreves*, 990 F.3d 774 (4th Cir. 2021), *cert. denied*, (U.S. Oct. 12, 2021) (No. 21-5341) and *Bistrian v. Levi*, 912 F.3d 79 (3d Cir. 2018)).

Mr. Prucha's retaliation claim is no different from the retaliation claim presented in *Fulks*. Consistent with this Court's reasoning in *Fulks* and previous decisions from this Court,[1] Mr. Prucha's First Amendment retaliation claim is **dismissed for failure to state a claim**.

---

[1] *See, e.g.*, *Kadamovas v. Siereveld*, No. 2:18-cv-00490-JRS-MJD, 2019 WL 2869674, at \*1-2 (S.D. Ind. July 3, 2019); *Early v. Shepherd*, No. 2:16-cv-00085-JMS-MJD, 2018 WL 4539230, at \*13–16 (S.D. Ind. Sept. 21, 2018); *Harris v. Dunbar*, 2:17-cv-00536-WTL-DLP, 2018 WL 3574736, at \*2-4 (S.D. Ind. July 25, 2018); *Albrechtsen v. Parsons*, 1:17-cv-01665-JMS-TAB, 2018 WL 2100361, at \*3-5 (S.D. Ind. May 7, 2018); *Muhammad v. Gehrke*, 2:15-cv-00334-WTL-MJD, 2018 WL 1334936, at \*3-4 (S.D. Ind. Mar. 15, 2018).

### 2. Fifth Amendment Equal Protection Claim

Likewise, Mr. Prucha's equal protection claim presents a new *Bivens* context. Neither *Bivens*, *Davis*, nor *Carlson* involved allegations of discrimination due to a hearing disability in a federal prison. The fact that *Davis* involved a Fifth Amendment equal protection claim is not dispositive. "A claim may arise in a new context even if it is based on the same constitutional provision as a case in which a damages remedy was previously recognized." *Hernandez*, 140 S. Ct. at 743; *see also Abbasi*, 137 S. Ct. 1864 ("[A] modest extension [of *Bivens*] is still an extension."). Mr. Prucha's allegations that he was deprived of programming opportunities due to his hearing disability are not similar to the plaintiff's allegation in *Davis* that she was fired due to her gender. *See also Ajaj v. United States*, 2020 WL 747013, at *12 (D. Colo. Feb. 13, 2020); *Thomas v. Paul*, 2019 WL 4451349, at *3 (D.N.H. Sep. 17, 2019); *and Ojo v. United States*, 364 F. Supp. 3d 163, 173 (E.D. N.Y. 2019) (all concluding that a prisoner's Fifth Amendment equal protection violation arising in a prison presented a new context for *Bivens*); *Beddow v. Rhodes*, 2020 WL 1873565, at *5 (D. Kan. Apr. 15, 2020) (equal protection claim involving prisoner's disabled mother's visitation access presented new *Bivens* context).

Next the Court considers whether special factors counsel hesitation in extending *Bivens* to this context. First, Mr. Prucha has alternative remedies available to him. As the *Abbasi* Court explained, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Abbasi*, 137 S. Ct. at 1858. The BOP's administrative remedy procedure is an alternative process that "provides … means through which allegedly unconstitutional actions and policies can be brought to the attention of the BOP and prevented from recurring." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001); *see also Goree v. Serio*, 735 F. App'x 894, 895 (7th Cir. 2018) (unpublished)

(recognizing BOP administrative remedies as an alternative remedy); *Ajaj*, 2020 WL 747013, at *14 (finding BOP administrative remedy program foreclosed Fifth Amendment equal protection claim). Mr. Prucha may also raise concerns about discrimination based on his disability by filing a complaint with the Director of Equal Employment Opportunity ("EEO") for the Department of Justice. 28 C.F.R. § 39.170(d).

Additionally, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Abbasi*, 137 S. Ct. at 1865. In passing the Prison Litigation Reform Act of 1995 (the "PLRA"), Congress "placed a series of controls on prisoner suits . . . designed to prevent sportive filings in federal court." *Skinner v. Switzer*, 562 U.S. 521, 535–36 (2011). Congress did so with the intent to "reduce the quantity of inmate suits." *Jones v. Bock*, 549 U.S. 199, 223 (2007). Significantly, the PLRA does not provide for a standalone damages remedy against individuals, suggesting that "Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment." *Abbasi*, 137 S. Ct. at 1865.

Finally, courts should hesitate to create *Bivens* remedies in situations concerning prison management. *See Earle*, 990 F.3d at 781; *Bell v. Wolfish*, 441 U.S. 520, 547 (1979); and *Beddow*, 2020 WL 1873565 at *7 (In case involving accessibility to visitation at a prison for disabled visitor, recognizing hardship it would create to recognize Fifth Amendment equal protection claims where prison officials must balance fiscal and facility constraints when making decisions concerning accommodations).

In summary, the special factors analysis dictates hesitation in applying *Bivens* to Mr. Prucha's equal protection claim. Accordingly, his Fifth Amendment claims are dismissed against all individual defendants.

## IV. Conclusion

For the foregoing reasons, the defendants' partial motion to dismiss, dkt. [56], is **granted**. Mr. Prucha's First Amendment retaliation claims against Defendants Klink, Wasson, Royer, Ruggeri, Marshall, Dodge, Rupska, Hunt, Kimberely, Bondurant, Gourdouze, Cox, Underwood, McCoy, Kemp, and Schmalansee, and his Fifth Amendment equal protection claims against Defendants Zepperele and Kemp are **dismissed**. Because the retaliation claim was the sole claim proceeding against Defendant Zepperele, the **clerk is directed to terminate** C. Zepperele as a defendant on the docket. No partial final judgment shall issue.

**IT IS SO ORDERED.**

Date: 11/29/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRADLEY JOSEPH PRUCHA
15321-030
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov